■ HERBERT KATZEFF et al., Appellants, v DAVID WROCLAWSKI et al., Respondents. — In an action for specific performance of an alleged agreement for the sale of real property by defendants to plaintiffs and for recovery of money damages resulting from the breach of said agreement, plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Delaney, J.), dated July 7, 1983, which granted defendants' motion for summary judgment and (2) the judgment entered thereon on August 1, 1983.

Appeal from the order dismissed (*see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed, and it is directed that the notice of pendency be canceled.

Defendants are awarded one bill of costs.

It is undisputed that the proposed contract of sale was never signed by the parties and the record does not demonstrate part performance " 'unequivocally referrable' " to the alleged agreement (*Jonestown Place Corp. v 153 W. 33rd St. Corp.,* 53 NY2d 847, 849). The issues of fact which plaintiffs claim exist are irrelevant to the ultimate undisputed fact of the absence of a memorandum signed by the defendants designating the parties, identifying the subject matter, and stating the terms of a complete agreement (*see, e.g., Sheehan v Culotta,* 99 AD2d 544). Accordingly, Special Term did not err in granting summary judgment based on the Statute of Frauds (General Obligations Law § 5-703 [2]). We have examined plaintiffs' remaining contentions and find them to be without merit. In light of our determination, the notice of pendency filed by plaintiffs is hereby ordered canceled (*see,* CPLR 6514 [a]). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.