■ FARHAD ELGHANAYAN et al., Appellants, v FOREST HILLS No. 2 COMPANY et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract for the sale of real property, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated December 18, 1984, as, upon reargument, granted the defendants' cross motion to dismiss the complaint and for summary judgment, and (2) an order of the same court, dated January 19, 1985, which denied the plaintiffs' motion for leave to renew.

Order dated December 18, 1984 affirmed insofar as appealed from and order dated January 19, 1985 affirmed, with one bill of costs.

The evidence before Special Term in conjunction with these motions established that the parties had entered into a contract for the sale of certain real property in Queens County, which contract fixed the specific date of June 10, 1981 for the closing of title. The contract called for a down payment of $85,000, to be paid upon execution of the contract, with the balance of $770,000 to be paid at the closing. Thereafter, the parties agreed to a modification of their contract, whereby the closing was adjourned to August 13, 1981, upon condition that the plaintiffs make an additional down payment of $65,000 at the time of the execution of the modification.

In support of their cross motion for summary judgment dismissing the complaint, the respondents presented evidentiary proof, in the form of an affidavit of one of the respondents having personal knowledge of the facts, that the plaintiffs had failed to pay or tender the additional down payment required by the modification agreement. In opposition, the plaintiffs adduced no evidence in admissible form to the contrary *(see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553-554; *Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, Special Term properly granted the respondents' cross motion inasmuch as the plaintiffs' failure to have complied with the terms of the contract, as amended, relieved the defendants of their obligation to convey title pursuant thereto.

Moreover, Special Term correctly determined that a certain memorandum, dated July 16, 1982, which, according to the plaintiffs, purported to be a new contract for the sale of the property, did not comply with the Statute of Frauds, because it was not subscribed by the party to be charged (General

Obligations Law § 5-703 [2]; *Willmott v Giarraputo,* 5 NY2d 250; *Sheehan v Culotta,* 99 AD2d 544), and it lacked the essential terms for a complete agreement *(see, Katzeff v Wroclawski,* 108 AD2d 727; *Sheehan v Culotta, supra,* at p 545).

Finally, we conclude that Special Term properly exercised its discretion in denying the plaintiffs' motion for leave to renew *(see, McRory v Craft Architectural Metals Corp.,* 112 AD2d 358). Lazer, J. P., Bracken, Weinstein and Spatt, JJ., concur.