■ C. RICHARD CROSS et al., Respondents, v ROBERT FREZZA et al., Appellants, et al., Defendant.—Mercure, J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 19, 1989 in Columbia County, which, *inter alia,* granted plaintiffs' cross motion for summary judgment.

Defendants Robert Frezza and Andrea L. Frezza (hereinafter collectively referred to as defendants) agreed to sell their home to plaintiffs for $192,500. Defendants' attorney, defendant Keith G. Flint, prepared a proposed contract of sale and forwarded it to plaintiffs' attorney on June 29, 1987. Plaintiffs and their attorney made minor modifications and plaintiffs signed the agreement, which was mailed to Flint together with a check for the down payment on July 21, 1987. It was not until August 12, 1987 that defendants signed the agreement and as late as August 19, 1987 that plaintiffs received the fully signed contract. Of principal importance to the issues underlying the action are two contingency clauses contained in the contract. First, the agreement was contingent upon plaintiffs' ability to obtain a commitment for a mortgage loan in an amount not less than $154,000 and, if unable, they were permitted to withdraw by notice to Flint on or before August 15, 1987. Second, the agreement permitted plaintiffs to withdraw if they obtained an unsatisfactory engineer's report on or before July 31, 1987.

On August 8, 1987, plaintiffs hired a structural engineer, who inspected the property on August 22, 1987 and at that time expressed the opinion that the house was "under built". A written report was not issued until September 20, 1987. By letter dated August 25, 1987, plaintiffs' attorney advised Flint of "a problem with the structure of the roof" and that plaintiffs "are considering the options at this time". Nonetheless, plaintiffs continued in their effort to obtain a mortgage loan in the amount of $173,250. The mortgage loan was denied on September 30, 1987 because of the inadequate appraised value of the property.

Plaintiffs commenced this action to recover the down payment of $19,250. Defendants counterclaimed for specific performance or, alternatively, damages for breach of contract. Following joinder of issue and discovery, defendants moved and plaintiffs cross-moved for summary judgment. Supreme Court, determining that plaintiffs properly and timely canceled the contract, denied the motion and granted the cross

motion for summary judgment in favor of plaintiffs. Defendants appeal.

Initially, we reject defendants' contention that plaintiffs were bound by the dates stated in the contract contingencies. We agree with Supreme Court that, under the unique circumstances present here, the rule of "reasonable time" should be employed (see, 22 NY Jur 2d, Contracts, §§ 196, 244, 245). The record establishes that the dates which were originally set forth in the contract were not fixed, or even considered, by the parties to the contract but were, rather, selected by Flint "with the assumption that a certain amount of time would be necessary for a normal mortgage contingency and structural inspection". On approximately July 21, 1987, the dates were changed to August 15, 1987 (mortgage contingency) and July 31, 1987 (engineering report contingency) by the unilateral act of plaintiffs' attorney. The record mandates a conclusion that in reaching terms on the contingency clauses, the parties were concerned not so much with specific dates as with fixing a reasonable, but not unduly long, period of time within which to secure an engineer's report and mortgage commitment.

However, we cannot agree with Supreme Court's determination that plaintiffs gave timely notice of their intent to withdraw from the contract as a matter of law. In our view, unresolved factual issues precluded such a finding. Notably, we are unable to determine from the record when notice was given. Although Flint wrote a letter dated September 2, 1987 stating "I have today been advised * * * that [plaintiffs] intend to withdraw from the transaction based on the unsatisfactory structural report", plaintiff C. Richard Cross candidly testified at an examination before trial that he did not at any time attempt to withdraw from the contract subsequent to receipt of the oral engineering report, a statement corroborated by evidence that plaintiffs continued to supply information in connection with the mortgage application well into September 1987.

There is also an unresolved factual issue as to whether the engineering report was "unsatisfactory" within the terms of the contract. We reject plaintiffs' contention that defendants waived consideration of this issue by failing to assert it before Supreme Court. Plaintiffs had the burden on their cross motion for summary judgment to come forward with proof that the engineering report was unsatisfactory because this was an essential element of their cause of action and defense to the counterclaims (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). Further, we agree with defendants

that the contingency clause employed an objective standard of reasonableness. The subjective standard propounded by plaintiffs, in effect granting them a unilateral right of withdrawal, would have rendered the contract illusory *(see, Boston Rd. Shopping Center v Teachers Ins. & Annuity Assn.,* 13 AD2d 106, 108-109, *affd* 11 NY2d 831). Because the report indicates that the sagging roof rafters and ceiling beams disclosed in the inspection are "quite common in very old houses" such as this, "may have stabilized" and could be strengthened with the addition of beams fastened to the existing roof rafters, we cannot determine as a matter of law that the report was "unsatisfactory".

Finally, factual issues exist concerning the mortgage contingency. It can be determined from the record that plaintiffs made application for a mortgage loan of $173,250, that the appraised value of the house was $164,000 and that the mortgage loan was denied for that reason. The record is not adequate, however, to determine whether an application for a mortgage loan of $154,000, the amount stated in the contingency clause, would also have been denied since we may not consider Richard Cross' hearsay testimony that the bank would approve a loan of no more than $147,600 *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). We conclude, therefore, that both motions for summary judgment should have been denied.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' cross motion for summary judgment; cross motion denied; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.