■ JACO ELECTRONICS, INC., Respondent, v HITACHI AMERICA, LTD., Appellant. [616 NYS2d 212] —In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated October 7, 1992, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Under New York law, every contract contains an implied covenant of good faith and fair dealing" *(Carvel Corp. v Diversified Mgt. Group,* 930 F2d 228, 230; *Gelder Med. Group v Webber,* 41 NY2d 680, 684; *Van Valkenburgh Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, 45, *cert denied* 409 US 875; *see also,* Restatement [Second] of Contracts § 205). This covenant includes "an implied undertaking on the part of each party that he will not intentionally and purposely do

anything to prevent the other party from carrying out the agreement on his part" *(Grad v Roberts,* 14 NY2d 70, 75). The plaintiff claims that the defendant unjustifiably reduced delivery of its products to the plaintiff and otherwise frustrated the written distribution agreement between the parties. The plaintiff also seeks specific performance directing the defendant to purchase the remaining inventory following termination of the agreement. We agree with the Supreme Court that the factual record is not sufficiently developed to support an award of summary judgment. Moreover, a motion for summary judgment must be denied where, as here, the facts upon which the motion is predicated are exclusively within the knowledge of the moving party *(see, Lewis v Agency Rent-A-Car,* 168 AD2d 435; *Rowden v National Car Rental,* 36 AD2d 762). Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.