■ CAPITAL TELEPHONE COMPANY et al., Respondents, v MOTOROLA COMMUNICATIONS AND ELECTRONICS, INC., Appellant. [617 NYS2d 652] —Crew III, J. Appeal from an order of the Supreme Court (Harris, J.), entered May 20, 1993 in Albany County, which granted plaintiffs' motion to dismiss defendant's third affirmative defense.

In 1972, plaintiffs commenced an antitrust action against defendant in Federal court alleging, *inter alia,* that defendant had discriminated against plaintiffs in its sale of paging equipment. The parties ultimately entered into a settlement agreement. Thereafter, in August 1985, plaintiffs commenced this action against defendant for breach of contract and fraud alleging, *inter alia,* that defendant violated the terms of the distribution policy incorporated into the parties' prior settlement agreement. Defendant answered and asserted, as its third affirmative defense, that plaintiffs were "seek[ing] to enforce an agreement in pertetuity *[sic]* which violate[d] * * * public policy". Plaintiffs thereafter moved to dismiss this affirmative defense. Supreme Court granted plaintiffs' motion, and this appeal by defendant followed.

There must be a reversal. It is well settled that "[o]n a motion to dismiss a defense pursuant to CPLR 3211 (b), all of defendant's allegations must be deemed to be true and defendant is entitled to all reasonable inferences to be drawn from the submitted proof" *(Grunder v Recckio,* 138 AD2d 923). Here, plaintiffs have alleged that defendant engaged in discriminatory pricing in violation of a particular distribution policy incorporated into the parties' prior settlement agreement. The sum and substance of defendant's third affirmative defense, as amplified by defendant's verified response to plaintiffs' interrogatories, is that while it agreed to refrain from engaging in discriminatory pricing, it did not intend to be bound by the terms of a particular distribution policy for all eternity but, rather, for only a reasonable period of time. Although the record presently before this Court is not sufficiently developed to permit us to determine what the parties intended a reasonable period of time to be, defendant has tendered sufficient proof to survive plaintiffs' motion to dismiss.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.