■ BRUCE M. KORABEL et al., Respondents, v JACQUELINE L. NATOLI, Appellant. [619 NYS2d 833] —Casey, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 29, 1993 in Ulster County, upon a decision of the court in favor of plaintiffs.

The parties' contract for the sale of real property contained a clause which provided that the contract was conditioned upon defendant signing the contract and making the necessary down payment on or before March 31, 1992. Defendant signed the contract on that date and delivered a personal check in the amount of the required down payment. The next day defendant stopped payment on the check and the day after that plaintiffs signed the contract unaware of the stop payment order.

Plaintiffs commenced this breach of contract action to recover the full amount of the down payment. Defendant contended that the contract condition was never satisfied because defendant did not make the down payment required by the contract. After a trial without a jury, Supreme Court rejected defendant's argument and granted judgment to plaintiffs.

On appeal, defendant contends that because she stopped payment on the check, there was no payment of the required down payment and, therefore, the condition requiring such payment was not satisfied. According to defendant, payment on the check was a condition precedent to defendant's obliga-

tion to perform under the contract, and mere delivery of the check was insufficient. We disagree. The contract required payment of the down payment on or before March 31, 1992. In another provision of the contract the down payment was fixed at 10% of the purchase price payable on the signing of the contract "by check subject to collection". The balance, payable at closing, was to be paid by cash, certified check or bank check. It is clear, therefore, that the parties intended to permit payment of the down payment by uncertified personal check. The phrase "subject to collection" was, in our view, intended to protect plaintiffs, so that they would not be obligated to perform under the contract if defendant's down payment check was dishonored (see, *Rawcliffe v Aguayo*, 108 Misc 2d 1027).

Defendant relies upon the general rule that a check is not absolute payment until it is paid by the drawee bank (see, *Carmichael v General Elec. Co.*, 102 AD2d 838, 839; *Matter of Demerritt v Levitt*, 71 AD2d 757, *lv denied* 48 NY2d 607), but we reject the theory that a contract vendee can use this general rule to withdraw from the contract at any time before his down payment check is paid by the drawee bank. Delivery of an uncertified check constitutes conditional payment, depending upon the check being honored upon presentment (see, *Carmichael v General Elec. Co.*, supra, at 839), which means that the taking of the check is a surrender of the right to sue on the underlying obligation for which the check was taken until the check is dishonored (see, UCC 3-802, Comment 3). Thus, upon dishonor, an action can be maintained on either the check or the underlying obligation (UCC 3-802 [1] [b]), and in an action between the original parties, the drawer can assert any defense available against a person not having the rights of a holder in due course (see, *Mansion Carpets v Marinoff*, 24 AD2d 947). This conditional nature of the check did not preclude it from being the payment of the down payment contemplated by the parties in their contract. Had the parties required something more than the delivery of a personal check for the down payment, they would have so specified, as they did for the payment of the balance at closing. At most, defendant's issuance of the stop payment order constituted an attempted revocation of her purchase offer, but the evidence establishes that plaintiffs had no knowledge of defendant's action until long after they had accepted the offer (cf., *Petterson v Pattberg*, 248 NY 86, 89).

Defendant also contends that plaintiffs failed to prove damages. It has long been the rule in New York that a purchaser

who defaults on a real estate contract without lawful excuse cannot recover the down payment *(Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Lawrence v Miller,* 86 NY 131).* In such case, the seller need not prove actual damages *(supra).* We see no reason to reach a contrary result in this case where defendant stopped payment on her down payment check *(see, Maxton Bldrs. v Lo Galbo, supra).* The down payment was 10% of the purchase price and actual damages in cases involving real estate transactions "will generally be very close to the amount of the traditional 10% retained" *(supra,* at 382). The judgment should therefore be affirmed.

Mikoll, J. P., Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.