■ JOHN CAPPELLI, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [686 NYS2d 494] —In an action for a judgment declaring the limits of liability for bodily injury coverage under a policy of insurance, the plaintiff appeals from so much of an order and judgment (one

paper) of the Supreme Court, Queens County (Kitzes, J.), dated January 5, 1998, as granted that branch of the defendant's cross motion which was for summary judgment declaring that coverage for bodily injury claims was limited to $100,000 per person and denied that branch of his motion which was for summary judgment declaring that the coverage for bodily injury claims was $300,000 per accident when there were two or more claimants and made the declaration in favor of the defendant.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The modification of a contract results in the creation of a new contract between the parties which *pro tanto* supplants the affected provisions of the original agreement while leaving the balance of it intact (*see, Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350; 22A NY Jur 2d, Contracts, § 474; *see also, Cortesi v R & D Constr. Corp.,* 73 NY2d 836). Here, the Supreme Court correctly determined that an amendatory endorsement, which included explicit language making the limitation on coverage under "each occurrence" subject to the limitation on coverage per person, was part of the policy that was in effect at the time of the accident.

Moreover, the court properly found that the amendatory endorsement resulted in a clarification of coverage available under the policy rather than a reduction of coverage. This conclusion is plainly supported by the documentation that was supplied by the defendant to the State Insurance Department in connection with the filing of the amendatory endorsement. Accordingly, the provisions of Insurance Law § 3425 applicable to renewals do not control. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.