■ HELGA BOSSERT et al., Appellants, v JOHN C. FRATALONE, Respondent. (And a Third-Party Action.) [813 NYS2d 791]—

Rose, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 3, 2004 in Columbia County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

A contract for the sale of plaintiffs' real property to defendant provided, among other things, that defendant would have the opportunity to withdraw by notifying plaintiffs in writing on or before May 10, 2000 if a potability test of the property's water supply found it to be unfit for human consumption. Defendant signed the agreement, but it was not executed by plaintiffs until May 17, 2000 and they did not return it to defendant until May 24, 2000. Defendant tested the water on June 13, 2000 and did not give plaintiffs notice in writing that it was unfit until July 31, 2000. At that time he also advised plaintiffs that he was exercising the contingency by withdrawing from the contract and he demanded the return of his down payment. Plaintiffs ultimately commenced this action for breach of contract seeking retention of the down payment as liquidated damages. When defendant moved for summary dismissal of the complaint on the ground that his exercise of the water-potability contingency voided the contract, plaintiffs cross-moved for summary judg-

ment on the ground that he had waived the contingency by failing to notify them by the date specified in the contract. Finding that defendant was not bound by the May 10th date and that the nine weeks which elapsed before he gave notice to plaintiffs was a reasonable time, Supreme Court granted defendant's motion, ordered that the down payment be returned to him and denied plaintiffs' cross motion.

We agree with Supreme Court that plaintiffs' execution and delivery of the contract after the stated deadline gave defendant a reasonable time thereafter to test the water and notify plaintiffs of the results (*see Cross v Frezza*, 161 AD2d 927 [1990]). In determining what constitutes a reasonable time, however, all the facts and circumstances of the case should be considered, including the situation of the parties, their intentions, what was contemplated at the time the contract was entered into, and how much time a person of ordinary diligence and prudence would need under the circumstances (*see Ben Zev v Merman*, 73 NY2d 781, 783 [1988]; *Hegeman v Bedford*, 5 AD3d 632, 632 [2004]). Because such factors must be considered, the issue of reasonableness is usually a question of fact (*see Mercer v Phillips*, 252 AD2d 900, 901 [1998]).

Here, the parties' contract typically provided 10 days within which they were to give notices or exercise options, and negotiations were completed on April 28, 2000, only 12 days before the stated May 10, 2000 deadline. This suggests that the parties considered such a short period to be a reasonable time for defendant to act. Although the water was tested approximately three weeks after the executed contract was returned to defendant and there is no allegation that it could have been accomplished sooner, the record does not reveal when defendant obtained the test results or otherwise provide facts from which Supreme Court could evaluate the reasonableness of the additional six-week period between when the water was tested and when defendant gave written notice. As the record is not sufficiently developed to permit a determination of what was a reasonable period of time, summary judgment was inappropriate (*see Capital Tel. Co. v Motorola Communications & Elecs.*, 208 AD2d 1150, 1150 [1994]; *Jaco Elecs. v Hitachi Am.*, 207 AD2d 328, 329 [1994]; *Smith v Lebanon Val. Auto Racing*, 167 AD2d 779, 780-781 [1990]; *State of New York v Atlantic Audio-Visual Corp.*, 118 AD2d 998, 1001 [1986]).

Resolution of plaintiffs' contention that they are entitled to the down payment as liquidated damages must also await trial, as their entitlement to retain the down payment is dependent upon whether or not defendant breached the contract (*cf. Barton v Lerman*, 233 AD2d 555, 556 [1996]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion; motion denied; and, as so modified, affirmed.