■ PETER ZOLOTAR, Plaintiff, v BEN KRUPINSKI, GENERAL CONTRACTOR, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. PAUL FRANCIS SHURTLEFF, AIA, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [828 NYS2d 484]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Ben Krupinski, General Contractor, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated August 30, 2005, as granted the motion of the third-party defendant Paul Francis Shurtleff for summary judgment dismissing the third-party complaint insofar as asserted against him and (2) from an order of the same court dated December 2, 2005 which denied its motion for leave to renew.

Ordered that the order dated August 30, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 2, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant Paul Francis Shurtleff.

Debra Black owned property in Bedford Hills, New York, which she was renovating. Paul Francis Shurtleff was the architect on the project pursuant to an oral agreement. Ben Krupinski, General Contractor, Inc. (hereinafter Krupinski), was the general contractor on the project pursuant to a written agreement. The written agreement provided that Krupinski was

solely responsible for the means and methods of the work. The plaintiff, a subcontractor, sustained injuries when he fell off a roof after replacing the plastic covers on the air handlers, which he had removed so that Shurtleff could conduct a test. The plaintiff commenced an action against Krupinski and Black, alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6). Krupinski asserted a third-party action against Shurtleff alleging, inter alia, common-law indemnification and contribution.

Shurtleff met his prima facie burden of establishing entitlement to summary judgment by demonstrating that he was not responsible for the means and methods of the plaintiff's work (*see Boyd v Lepera & Ward,* 275 AD2d 562 [2000]). In opposition, Krupinski failed to raise a triable issue of fact. The deposition testimony of Richard Kissane, a partner of Krupinski, did not demonstrate that Shurtleff went beyond the function of an architect. The deposition testimony showed that Shurtleff supervised workers and independent contractors to ensure compliance with his specifications. However, there was no evidence that he directed workers as to how to perform the injury-producing work. Accordingly, the Supreme Court properly granted Shurtleff's motion for summary judgment dismissing the third-party complaint insofar as asserted against him (*id.*).

Since Krupinski failed to present "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e]), the Supreme Court properly denied its motion for leave to renew (*see Renna v Gullo,* 19 AD3d 472 [2005]). Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.