■ GRIFFIN GILLETTE et al., Respondents, v JEREMY MEYERS et al., Appellants. [839 NYS2d 584]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Coccoma, J.), entered November 8, 2006 in Otsego County, which granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

On June 4, 2006, plaintiffs, as sellers, and defendants, as purchasers, entered into a contract for the sale of real property

with defendants tendering a $10,000 check for the down payment. Thereafter, however, defendants stopped payment on the check and defendant Jeremy Meyers faxed plaintiffs' brokerage agency a letter notifying it that he was withdrawing his "offer." No explanation was given in this letter. Plaintiffs commenced this action to recover the $10,000 as liquidated damages for defendants' breach of contract. At issue is an order and judgment of Supreme Court granting plaintiffs summary judgment. We affirm.

It is well-settled law "that a vendee who defaults on a real estate contract without lawful excuse . . . cannot recover the down payment" (*Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]; *accord Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 62 [2003]; *Lawrence v Miller*, 86 NY 131 [1881]). Upon our review of the record, we find that defendants breached the purchase contract and proffered no legally cognizable excuse for doing so (*see Di Scipio v Sullivan*, 30 AD3d 660, 661 [2006]; *Collar City Partnership I v Redemption Church of Christ of Apostolic Faith*, 235 AD2d 665, 666-667 [1997], *lv denied* 90 NY2d 803 [1997]; *Barton v Lerman*, 233 AD2d 555, 556 [1996]; *Korabel v Natoli*, 210 AD2d 620, 621-622 [1994], *appeal dismissed and lv denied* 85 NY2d 889 [1995]). While defendants claim that the agreement itself and actual cashing of their down payment check were contingent upon their physical inspection of the property, the contract contains no reference to any such condition (*compare Bossert v Fratalone*, 28 AD3d 852, 853 [2006]). Thus, their conduct in stopping payment on the check was a wrongful refusal to perform entitling plaintiffs to recover the down payment as liquidated damages (*see Korabel v Natoli, supra*). Finally, while, as noted by defendants, the contract contained an attorney approval clause, this provision required their attorney to notify plaintiffs' broker of his disapproval of the agreement *in writing* within *seven* days of its acceptance. No such written disapproval within this specified time period is contained in the record. Since defendants did not adequately exercise their right to terminate under this provision, their refusal to perform constituted a breach (*see Maxton Bldrs. v Lo Galbo, supra* at 377-378; *CFJ Assoc. of N.Y. v Hanson Indus.*, 294 AD2d 772, 775 [2002]).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order and judgment are affirmed, without costs.