■ CARL SORENSON, Respondent, v BARRY BRAHVER et al., Appellants. [841 NYS2d 621]—

In an action to recover damages for breach of a contract for the sale of real property, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Loughlin, J.), dated July 24, 2006, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court entered January 11, 2007, which, upon the order, is in favor of the plaintiff and against the defendants in the principal sum of $242,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On or about February 2, 2006 the defendants executed a contract for the purchase of the plaintiff's property, and delivered four signed counterparts to the plaintiff's counsel, along with a good-faith deposit of 10% of the purchase price. On February 10, 2006 the plaintiff hand-delivered two fully-executed counterparts to the defendants' counsel. By letter dated February 14, 2006, the defendants returned the two counterparts to the plaintiff, stating that they had "lost interest" in the transaction. They also stopped payment on their deposit check. The plaintiff commenced this action, alleging that the defendants breached the contract, thereby forfeiting the deposit amount. The Supreme Court granted summary judgment in favor of the plaintiff. We reverse.

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law (*see Maxton Bldrs. v Lo Galbo,* 68 NY2d 373 [1986]; *Korabel v Natoli,* 210 AD2d 620 [1994]), the defendants offered the affidavit of Geraldine Fan-

ning, an employee of the defendants' attorney, who stated that, prior to the receipt of the executed counterparts on February 10, 2006, she had received a telephone call from the defendant Este Brahver indicating that the defendants were no longer interested in the transaction, and conveyed the substance of Brahver's message to an unidentified person at the office of the plaintiff's counsel. The plaintiff's counsel, in reply, denies that any such call was ever received by anyone in her office.

The Supreme Court found that the contract of sale was binding and effective prior to its delivery to the defendants' counsel and that the purported oral revocation, whether or not it actually occurred, could not have been effective because "[t]he contract provides that all notices and communications between the parties shall be in writing." We disagree.

The contract, by its terms, did not become effective or binding on the parties "until duly executed and delivered by Seller and Purchaser." On this record, there are material issues of fact as to when the contract was "delivered" to the defendants, and whether the defendants orally communicated to the plaintiff their desire not to go forward with the transaction prior to the time of such delivery. Inasmuch as the defendants offered evidence that the oral revocation was communicated before the fully executed contract was delivered—and, therefore, before the contractual requirement of a written notice became effective—they raised a triable issue of fact as to whether they breached the contract as alleged in the complaint, or whether they backed out of the transaction before the creation of a binding and effective contract of sale. Accordingly, the plaintiff's motion for summary judgment should have been denied. Spolzino, J.P., Skelos, Fisher and Lifson, JJ., concur.