■ RAYMOND F. TEXTER, Respondent, v MICHAEL TROTTA, Appellant. [851 NYS2d 247]—

In an action to recover damages for breach of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated January 2, 2007, which, inter alia, granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court dated January 24, 2007, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $25,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff made a prima facie showing of entitlement to judgment in the sum of $25,000, with proof that the parties entered into a contract pursuant to which the defendant agreed to purchase the plaintiff's real property for the sum of $250,000, and in accordance with the contract, the defendant tendered a check for the down payment of $25,000 to the plaintiff's attorney, which check was returned for insufficient funds (*see Maxton Bldrs. v Lo Galbo,* 68 NY2d 373 [1986]; *Daimon v Fridman,* 5 AD3d 426 [2004]; *Korabel v Natoli,* 210 AD2d 620 [1994]).

The defendant's contention that the plaintiff could not convey good title to the premises was insufficient to raise an issue of

fact as to the plaintiff's entitlement to judgment for the amount of the down payment. "[I]n order to place a vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser normally must first tender performance himself and demand good title [and] [t]ender of performance by a purchaser is excused only if the title defect is not curable" (*Willard v Mercer,* 83 AD2d 656, 657 [1981], *affd* 58 NY2d 840 [1983]). Here, by his own admission, rather than tendering performance himself, and demanding that the plaintiff correct the alleged defect in title in accordance with the terms of the contract, the defendant withdrew all of the money in the account on which the down payment check had been drawn causing it to be dishonored. This was a material breach of the contract, entitling the plaintiff to judgment for liquidated damages in the amount of the down payment, in accordance with the terms of the contract (*see Gillette v Meyers,* 42 AD3d 654 [2007]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.