■ 390 KINGS HIGHWAY, LLC, Appellant-Respondent, v DINARA MAYLOV, Respondent-Appellant. [944 NYS2d 261]—

In an action to recover the proceeds of an escrow account, the

plaintiff appeals from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated October 5, 2009, as denied its motion for summary judgment on the complaint, and the defendant cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In the instant matter, the defendant-escrow agent's liability is limited by section 2.05 (b) of the contract of sale, which provides, in pertinent part, "that Escrowee [defendant] shall not be liable to either [the buyer or the plaintiff seller] for any act or omission on its part unless taken or suffered in bad faith, in willful disregard of this contract or involving gross negligence." The plaintiff alleges, in its complaint, only that the defendant breached that section of the contract. However, the plaintiff failed to demonstrate that the defendant acted in bad faith, in willful disregard of the contract, or with gross negligence by failing to remit the down payment funds to the plaintiff seller as liquidated damages pursuant to section 13.04 of the contract. Thus, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *US Home Corp. v Elm Farm Assoc., LLC*, 71 AD3d 667, 669 [2010]). The defendant also failed to demonstrate her entitlement to judgment as a matter of law dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and properly denied the defendant's cross motion, inter alia, for summary judgment dismissing the complaint. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.