■ ELBT Realty, LLC, Respondent, v Mineola Garden City Co., Ltd., Appellant. [42 NYS3d 304]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered August 5, 2014, as granted the plaintiff's motion for summary judgment on the complaint and pursuant to CPLR 3211 (a) (1) to dismiss its counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff (hereinafter the purchaser) and the defendant (hereinafter the seller) entered into a contract for the sale of a commercial building. In connection with the contract, the purchaser made a down payment in the amount of $120,000, which was held in escrow by the seller's attorney. Section 3.01 of the contract provided that if the purchaser "in its sole discretion, determinates that the Project is, for any reason whatsoever, unsatisfactory to Purchaser," purchaser had the right, upon written notice within a specific time frame, to terminate the contract and would be entitled to return of the down payment.

Approximately one month after signing the contract, the purchaser's attorney wrote a letter to the seller's attorney, exercising its right to terminate the agreement pursuant to section 3.01 of the contract, and demanding return of the down payment. The seller refused the purchaser's demand for return of the down payment, and the purchaser commenced this action seeking return of the down payment. The seller asserted counterclaims seeking to retain the down payment. The purchaser subsequently moved for summary judgment on the complaint and pursuant to CPLR 3211 (a) (1) to dismiss the seller's counterclaims. The Supreme Court, inter alia, granted the purchaser's motion and directed the return of the down payment to it. The seller appeals.

"In cases of contract interpretation, it is well settled that when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms. This principle is particularly important in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length" (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005] [internal quotation

marks omitted]). "Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (*Cleva v Cleva*, 139 AD3d 785, 786 [2016] [internal quotation marks omitted]).

Here, the Supreme Court properly concluded that the language of section 3.01, which provided that the purchaser could terminate the contract in "its sole discretion" and for "any reason whatsoever," means what it says: that the purchaser had the sole discretion to terminate the contract if it found the project to be unsatisfactory for any reason whatsoever during the specified time frame. While the implied covenant of good faith and fair dealing between parties to a contract embraces a pledge that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (*Moran v Erk*, 11 NY3d 452, 456-457 [2008] [internal quotation marks omitted]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]; *Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]), here, the plain language of the contract makes clear that termination of the contract was a possibility and the parties, who were sophisticated, counseled business entities negotiating at arm's length over a prolonged period of time, should have understood and expected that termination of the agreement could occur during that specified window of time, and that such a decision was the purchaser's alone and did not need to be accompanied by any specific justification.

To interpret section 3.01 as the seller asks would require adding terms to the contract and thereby make a new contract for the parties under the guise of interpreting the writing (*see Matter of Brandt v Peirce*, 132 AD3d 665, 667 [2015]; *Zaidi v New York Bldg. Contrs., Ltd.*, 99 AD3d 705, 706-707 [2012]), and courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include (*see Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 72 [1978]; *Gimbel Bros. v Brook Shopping Ctrs.*, 118 AD2d 532, 534 [1986]).

The seller's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the purchaser's motion for summary judgment on the complaint and to dismiss the counterclaims, and directed the return of the down payment to it. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.