■ QIAN MA, Appellant, v RICHARD M. BIAGGI et al., Respondents. [54 NYS3d 46]—

In an action, inter alia, to recover a down payment pursuant to a contract for the sale of real property and damages for breach of the contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered January 8, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Edgestone Group, LLC (hereinafter Edgestone), entered into a contract for the sale of real property pursuant to which the plaintiff was required to tender, simultaneous with the execution of the contract, a down payment in the sum of 10% of the purchase price, or $2.6 mil-

lion, for deposit with the defendant Richard M. Biaggi, as escrowee. The plaintiff provided a down payment check for that amount at the time of the execution of the contract, but stopped payment on the check six days later. The plaintiff thereafter tendered a number of replacement checks collectively totaling $2.6 million, including bank checks totaling $840,000 and a company check in the sum of $1.76 million. The bank checks were successfully deposited by Biaggi, but the plaintiff stopped payment on the $1.76 million company check. Edgestone terminated the contract by notice of termination dated April 14, 2014, as a result of the plaintiff's failure to tender the full down payment amount. By notice of termination dated April 22, 2014, the plaintiff notified Edgestone that she had elected to terminate the contract of sale.

The plaintiff commenced this action against Edgestone and Biaggi, for, inter alia, the return of the $840,000 partial down payment sum. Edgestone asserted counterclaims for, among other things, breach of contract. The plaintiff moved for injunctive relief, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, among other things, granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. The plaintiff appeals from that portion of the court's order.

" 'As a general rule, rescission of a contract is permitted for such breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract' " (*Matter of Kassab v Kasab*, 137 AD3d 1138, 1140 [2016] [internal quotation marks omitted], quoting *RR Chester, LLC v Arlington Bldg. Corp.*, 22 AD3d 652, 654 [2005]). Here, the Supreme Court properly determined that the plaintiff's repeated stop payment of the down payment check constituted a material breach of the contract (*see Texter v Trotta*, 48 AD3d 455 [2008]; *Daimon v Fridman*, 5 AD3d 426, 427 [2004]; *Elghanayan v Forest Hills No. 2 Co.*, 123 AD2d 417, 417 [1986]; *see also Gillette v Meyers*, 42 AD3d 654 [2007]; *cf. RR Chester, LLC v Arlington Bldg. Corp.*, 22 AD3d at 654).

The plaintiff contends that, despite her material breach, section 9.2 of the contract contemplated that any breach by the plaintiff would be held in abeyance until the time of closing, thereby prohibiting Edgestone's termination on that basis. Section 9.2 of the contract provides that, "in the event the transac-

tion contemplated by this agreement shall not close on account of purchaser's default, then this agreement shall terminate and the retention of the deposit shall be Edgestone's sole and exclusive remedy under this agreement." Contrary to the plaintiff's contention, nothing in the plain language of section 9.2 prevents Edgestone from terminating the contract prior to closing as a result of the plaintiff's material breach (*see Bri Jen Realty Corp. v Altman*, 146 AD3d 744 [2017]; *Patsis v Nicolia*, 120 AD3d 1326, 1327 [2014]; *U.S. Home Corp. v Elm Farm Assoc., LLC*, 71 AD3d 667 [2010]). To interpret section 9.2 as the plaintiff asserts would require adding terms to the contract that the parties did not include, improperly making a new contract for the parties under the guise of interpreting the writing (*see ELBT Realty, LLC v Mineola Garden City Co., Ltd.*, 144 AD3d 1083, 1084 [2016]; *Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009]).

In light of the plaintiff's material breach, the Supreme Court also properly determined that she was not entitled to return of the partial down payment amount. A buyer who defaults on a real estate contract without " 'lawful excuse' " cannot recover the down payment amount, at least where, as here, that down payment represents 10% or less of the contract price (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]; *Pizzurro v Guarino*, 147 AD3d 879, 880 [2017]; *see also Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 62-63 [2003]; *Lawrence v Miller*, 86 NY 131 [1881]; *Texter v Trotta*, 48 AD3d 455 [2008]; *Gillette v Meyers*, 42 AD3d 654 [2007]). The plaintiff's contention that she is entitled to return of the partial down payment amount pursuant to section 4.2.4 of the contract is without merit. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

The defendants' argument made in point I-D of their brief is not properly before this Court, as the defendants did take an appeal from the Supreme Court's order (*see Matter of Margary v Martinez*, 118 AD3d 1004, 1006 [2014]). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.