Chavarria v Bruce Nagel & Partners Architects, P.C. (2024 NY Slip Op 04540)

Chavarria v Bruce Nagel & Partners Architects, P.C.

2024 NY Slip Op 04540

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-08987
 (Index No. 617091/20)

[*1]Jose Chavarria, plaintiff-respondent, 
v
Bruce Nagel & Partners Architects, P.C., appellant, David L. Wasserman, et al., defendants-respondents.

Kelly & Hulme, P.C., Westhampton Beach, NY (Lisa A. Bartolomeo and James N. Hulme of counsel), for appellant.
Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for plaintiff-respondent.
Cuomo LLC, Mineola, NY (Matthew A. Cuomo of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Bruce Nagel & Partners Architects, P.C., appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 12, 2022. The order, insofar as appealed from, denied those branches of the motion of the defendant Bruce Nagel & Partners Architects, P.C., which were for summary judgment dismissing the complaint insofar as asserted against it and on its cross-claim alleging breach of contract against the defendants David L. Wasserman and Ellen F. Wasserman and granted the cross-motion of the defendants David L. Wasserman and Ellen F. Wasserman for summary judgment dismissing the cross-claims of the defendant Bruce Nagel & Partners Architects, P.C.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant Bruce Nagel & Partners Architects, P.C., which were for summary judgment dismissing the complaint insofar as asserted against it and on its cross-claim alleging breach of contract against the defendants David L. Wasserman and Ellen F. Wasserman, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting that branch of the cross-motion of the defendants David L. Wasserman and Ellen F. Wasserman which was for summary judgment dismissing the cross-claim of the defendant Bruce Nagel & Partners Architects, P.C., alleging breach of contract, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2018, KDMAX entered into a contract with the defendants David L. Wasserman and Ellen F. Wasserman (hereinafter together the Wassermans), inter alia, to act as the general contractor for the Wassermans' home renovation project (hereinafter the project). The Wassermans also entered into a contract with the defendant Bruce Nagel & Partners Architects, P.C. (hereinafter Nagel, P.C.), to provide certain architectural services in connection with the project (hereinafter the Nagel contract). The Nagel contract included an option for Nagel, P.C., to provide construction [*2]administration services on either a regular or ad hoc basis. In the event that the Wassermans exercised that option, the Nagel contract required the Wassermans to have their general contractor "include [Nagel, P.C.,] in its General Liability policy." There is no dispute that the Wassermans initially elected to have Nagel, P.C., provide regular construction administration services.
On August 26, 2019, the Wassermans and Nagel, P.C., entered into an addendum to the Nagel contract (hereinafter the addendum) providing that Nagel, P.C., was to "stop all regular Construction Administration services and from this date forward any Construction Administration services will be provided as [an] Additional Service only as and when requested by" the Wassermans. After executing the addendum, it is undisputed that the Wassermans did not request that Nagel, P.C., undertake any further construction administration services, and it is also undisputed that the Wassermans did not require KDMAX to include Nagel, P.C., as an additional insured on KDMAX's general liability insurance policy.
In January 2020, the plaintiff, an employee of KDMAX, was working on the project when he fell off a mechanical lift. The plaintiff thereafter commenced this action to recover damages for personal injuries against Nagel, P.C., and the Wassermans, alleging violations of Labor Law §§ 200, 240(1), and 241(6) and common-law negligence. In its answer, Nagel, P.C., asserted four cross-claims against the Wassermans, including breach of contract for the Wassermans' alleged failure to require KDMAX to include Nagel, P.C., as an additional insured on KDMAX's general liability insurance policy.
Nagel, P.C., subsequently moved for summary judgment dismissing the complaint insofar as asserted against it and on its cross-claims. The Wassermans opposed the motion and cross-moved for summary judgment dismissing the cross-claims of Nagel, P.C.
In an order dated October 12, 2022, the Supreme Court, among other things, denied those branches of the motion of Nagel, P.C., which were for summary judgment dismissing the complaint insofar as asserted against it and on its cross-claim alleging breach of contract and granted the Wassermans' cross-motion. Nagel, P.C., appeals.
The best evidence of what the parties to an agreement intended is what they set forth in their writing (see Greenfield v Philles Records, 98 NY2d 562, 569; Orlando v County of Putnam, 208 AD3d 503, 504). When interpreting a contract, "a court must read the document as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language used so that the parties' reasonable expectations are realized" (Bernstein v Frazer, 211 AD3d 899, 900; see Wilson v PBM, LLC, 193 AD3d 22, 31). However, "[c]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Herman v 818 Woodward, LLC, 218 AD3d 756, 760; see Compensation Guidance, Inc. v Ashnu Intl., Inc., 220 AD3d 683, 684). Courts must avoid interpreting an agreement "as impliedly stating something which the parties have neglected to specifically include" (ELBT Realty, LLC v Mineola Garden City Co., Ltd., 144 AD3d 1083, 1084; see Ma v Biaggi, 150 AD3d 778, 780). Moreover, modification of a contract results in the creation of a new contract between the parties, which supplants only the provisions of the original contract affected by the modification while leaving the unaffected provisions intact (see Cappelli v State Farm Mut. Auto. Ins. Co., 259 AD2d 581, 582, citing Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350, 354).
Here, contrary to the determination of the Supreme Court, Nagel, P.C., was entitled to judgment as a matter of law on its cross-claim alleging breach of contract, and the Wassermans were not entitled to summary judgment dismissing that cross-claim. When read as a whole, the language in the Nagel contract and the addendum did not demonstrate that the Wassermans had revoked their election of the option for Nagel, P.C., to provide construction administration services (see Greenfield v Philles Records, 98 NY2d at 569; Orlando v County of Putnam, 208 AD3d at 504). To read the addendum as doing so would impermissibly "add or excise terms" to the Nagel contract or "distort the meaning of those used" (Herman v 818 Woodward, LLC, 218 AD3d at 760). Instead, the unambiguous language of the Nagel contract and the addendum reveals that the Wassermans [*3]merely elected to reduce the frequency of the construction administration services of Nagel, P.C., and that the Wassermans retained the right to direct Nagel, P.C., to provide such services at their discretion on an ad hoc basis.
Moreover, there was no scenario in the Nagel contract in which the Wassermans could exercise the option for construction administration services without also ensuring that Nagel, P.C., was included as an additional insured on KDMAX's general liability insurance policy. The plain language of the Nagel contract required the Wassermans to ensure that Nagel, P.C., was included as an additional insured regardless of whether the Wassermans elected for Nagel P.C. to provide construction administrative services on either a regular or ad hoc basis under the Nagel contract. There was no language in the addendum relieving the Wassermans of that duty, and it would be improper to read in such a term where none exists (see Ma v Biaggi, 150 AD3d at 780; ELBT Realty, LLC v Mineola Garden City Co., Ltd., 144 AD3d at 1084). Since the requirement of the Nagel contract for Nagel, P.C., to be included as an additional insured was not modified by the addendum, it remained intact (see Cappelli v State Farm Mut. Auto. Ins. Co., 259 AD2d at 582).
Nagel, P.C., thereby established, prima facie, its entitlement to judgment as a matter of law on its cross-claim alleging breach of contract. The Wassermans failed to raise a triable issue of fact in opposition or to establish, prima facie, their entitlement to summary judgment dismissing that cross-claim. Accordingly, the Supreme Court should have granted that branch of the motion of Nagel, P.C., which was for summary judgment on its cross-claim alleging breach of contract and should have denied that branch of the Wassermans' cross-motion which was for summary judgment dismissing that cross-claim.
The Supreme Court also erred in denying that branch of the motion of Nagel, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it. Labor Law §§ 240 and 241(6) impose a nondelegable duty upon general contractors, owners, or their agents to provide construction site workers with a safe place to work (see Hossain v Condominium Bd. of Grand Professional Bldg., 221 AD3d 981, 982; Southerton v City of New York, 203 AD3d 977, 979). "'An implicit precondition to [the] duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition'" (Flores v Crescent Beach Club, LLC, 208 AD3d 560, 563, quoting Russin v Louis N. Picciano & Son, 54 NY2d 311, 317; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505).
Here, Nagel, P.C., established, prima facie, that it did not have the authority to direct or control the plaintiff's injury-producing work by submitting both an affidavit of its owner, in which the owner averred that Nagel, P.C., did not exercise any such direction or control, and a copy of the Nagel contract, which explicitly provided that Nagel, P.C., did not have the authority to supervise or control such work (see Myles v Claxton, 115 AD3d 654, 656; Zoltar v Ben Krupinski, Gen. Contr., Inc., 36 AD3d 802, 802-803).
In opposition, the plaintiff failed to raise a triable issue of fact. There is no dispute that the Wassermans never requested Nagel, P.C., to perform any construction administration services after August 2019. As such, Nagel, P.C., could not have had authority to direct or control the injury-producing work of the plaintiff, which took place after August 2019 (see Southerton v City of New York, 203 AD3d at 979). The plaintiff's generalized observations of the presence of Nagel, P.C., on the project site does not raise a triable issue of fact as to whether Nagel, P.C., had the authority to direct or control the injury-producing work. As such, Nagel, P.C., was entitled to summary judgment dismissing the complaint insofar as asserted against it (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court