■ MITCHELL W. OSTROVE et al., Respondents, v NORMAN J. MICHAELS, JR., et al., Appellants. [734 NYS2d 199] —In an action to recover damages for breach of an oral contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (Wood, J.H.O.), entered September 5, 2000,

which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $64,558.60.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff Mitchell Ostrove is an insurance broker specializing in the sale of policies for large life insurance companies. The defendant Norman Michaels is an insurance salesman whose firm specializes in the sale and administration of flexible benefit programs. Upon learning from personal sources that the administrators of a hospital were interested in acquiring flexible benefit policies for their nearly 1,000 employees, Ostrove, whose firm could not assemble plans on such a large scale, contacted Michaels. After more than 40 meetings between the hospital and Michaels' firm, the hospital approved a plan for its employees through Michaels' firm. The various insurance companies paid commissions based on the coverage placed by Michaels' firm.

This action arises from a dispute over the amount of commissions paid by Michaels to Ostrove. Michaels maintains that he and Ostrove orally agreed that Ostrove would be paid, *inter alia*, 20% of the group health insurance commissions, whereas Ostrove claims that he was entitled to a commission distribution of 50%. The Supreme Court concluded that the oral agreement was not subject to the Statute of Frauds, and that the trial evidence supported Ostrove's claims. We reverse.

General Obligations Law § 5-701 (a) (10) provides that an agreement is void, unless evidenced by a writing signed by the party to be charged, if the agreement is one "to pay compensation for services rendered in * * * negotiating * * * a business opportunity." "Negotiating includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction" (General Obligations Law § 5-701 [a] [10] [internal quotation marks omitted]). This provision has been held to apply to agreements by brokers for commissions (*see, Korff v Pica Graphics,* 121 AD2d 511). Where, however, two brokers work together, deciding to "pool their efforts and share the benefits" (*Dura v Walker, Hart & Co.,* 27 NY2d 346, 350), a narrow exception to the statute applies, and the agreement to share in the profits of the "business enterprise closely akin to a joint venture" (*Haskins v Loeb Rhoades & Co.,* 52 NY2d 523, 525 [internal quotation marks omitted]) need not necessarily be in writing (*see, Dura v Walker, Hart & Co., supra*).

The determination awarding judgment in favor of the plaintiffs and against the defendants was not based on a fair

interpretation of the evidence. The trial testimony supports the conclusion that Ostrove's role was that of an intermediary, limited to introducing Michaels to the hospital, and did not entail any work performed in the context of a joint venture. The commissions agreement was, therefore, subject to the Statute of Frauds (*see, Haskins v Loeb Rhoades & Co., supra; Freedman v Chemical Constr. Corp.*, 43 NY2d 260; *Whitman Heffernan Rhein & Co. v Griffin Co.*, 163 AD2d 86; *see, also, Apostolos v R.D.T. Brokerage Corp.*, 159 AD2d 62). Since the agreement was not memorialized by a writing, it is unenforceable, and the complaint seeking additional commissions must be dismissed.

In light of our determination, we do not address the defendants' remaining contentions. Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.