■ JULIA KUO, Respondent, v WALL STREET MORTGAGE BANKERS, LTD., Appellant. [885 NYS2d 520]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered September 11, 2008, as denied its pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), as barred by the statute of frauds and the statute of limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court's determination that the statute of frauds is not a bar to the plaintiff's action, albeit on grounds somewhat different from those stated by the Supreme Court. The plaintiff's claim that she had an oral employment agreement with the defendant is not subject to the provisions of General Obligations Law § 5-701 (a) (10) (*see Caruso v Malang*, 250 AD2d 800 [1998]; *Murphy v CNY Fire Emergency Servs.*, 225 AD2d 1034, 1035 [1996]; *Festa v Gilston*, 183 AD2d 525 [1992]; *Giordano v Thomson*, 438 F Supp 2d 35 [ED NY 2005]; *Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 266 [1977] ["too broad an interpretation (of General Obligations Law § 5-701) would extend the writing requirement to unintended situations"]; *cf. Ostrove v Michaels*, 289 AD2d 211, 212 [2001]). Since the plaintiff is suing to recover compensation allegedly earned

while she was an employee of the defendant, rather than to recover compensation for services rendered in negotiating or to recover a finder's fee, General Obligations Law § 5-701 (a) (10) is inapplicable.

The Supreme Court also correctly denied that branch of the defendant's motion which was to dismiss the complaint as barred by the statute of limitations. "To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired . . . [i]n order to make a prima facie showing, the defendant must establish, inter alia, when the plaintiff's cause of action accrued. Where, as here, the claim is for the payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff 'possesses a legal right to demand payment' " (*Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006], quoting *Matter of Prote Contr. Co. v Board of Educ. of City of N.Y.*, 198 AD2d 418, 420 [1993] [citations omitted]; *see Cimino v Dembeck*, 61 AD3d 802 [2009]; *Matter of Schwartz*, 44 AD3d 779 [2007]). The defendant offered no evidence that would support a determination that the plaintiff had a legal right to demand payment of her compensation, in connection with the subject loan transaction, prior to the defendant's receipt of the commission fees from the borrower. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.