■ MINSKOFF GRANT REALTY & MANAGEMENT CORP. et al., Appellants, v 211 MANAGER CORPORATION, Respondent. [897 NYS2d 485]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Scheinkman, J.), entered October 15, 2008, as granted that branch of the defendant's motion which was to dismiss the amended complaint as time-barred pursuant to CPLR 3211 (a) (5), and dismissed the amended complaint.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the amended complaint as time-barred pursuant to CPLR 3211 (a) (5) is denied, and the amended complaint is reinstated.

The amended complaint alleges, in pertinent part, that the defendant, 211 Manager Corporation, promised to pay the plaintiff Francis C. Grant III, the Chief Executive Officer of the plaintiff Minskoff Grant Realty & Management Corp. (hereinafter together the plaintiffs), a 1% "success fee" if he successfully arranged refinancing of the defendant's mortgage obligations on an office building it owns in Detroit, Michigan. The plaintiffs arranged such refinancing, with a $32,000,000 mortgage refinancing transaction, closing in August 1998. Over the years, the defendant never remitted the success fee to Grant, despite Grant's requests. Moreover, financial statements for the years 2002 and 2003 attributed to the defendant, which the plaintiffs submitted in opposition to the defendant's motion, inter alia, to dismiss the amended complaint as time-barred, referred to an invoice submitted with respect to the success fee which noted that approval for the amount sought, $320,000, required approval of the defendant's Board of Directors, and indicated that such approval had not yet been given. At a meeting of the defendant's Board of Directors on June 18, 2003, the Board agreed to discuss the success fee at its next meeting. At that next meeting, held on March 23, 2004, a motion to approve payment by the defendant to Grant of the success fee, totaling $320,000, was defeated. In March 2007, Grant made a written demand to the defendant's Board, seeking payment of the success fee. The defendant did not remit such payment. The plaintiffs commenced this action, inter alia, to recover damages for breach of contract, seeking the sum of $320,000. The defendant, among other things, moved to dismiss the amended complaint as time-barred pursuant to CPLR 3211 (a) (5), contending that the amended complaint was barred by the six-year statute of limitations set forth in CPLR 213 (2). In the order and judgment appealed from, the Supreme Court, inter alia, granted that branch

of the defendant's motion and dismissed the amended complaint in its entirety. We reverse the order and judgment insofar as appealed from.

"On a motion to dismiss pursuant to CPLR 3211, the court must take the allegations in the complaint as true and resolve all reasonable inferences in favor of the pleader" (*6D Farm Corp. v Carr*, 63 AD3d 903, 905 [2009]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). In moving for dismissal pursuant to CPLR 3211 (a) (5), a defendant must establish, prima facie, "that the time in which to commence an action has expired" (*Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]; *see 6D Farm Corp. v Carr*, 63 AD3d at 905-906; *Savarese v Shatz*, 273 AD2d 219 [2000]).

"The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed" (CPLR 203 [a]). "Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff possesses a legal right to demand payment" (*Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006] [internal quotation marks omitted]; *see Kuo v Wall St. Mtge. Bankers, Ltd.*, 65 AD3d 1089 [2009]).

At this stage of the action, there is a question as to when Grant's legal right to demand payment of the success fee arose, and therefore the defendant failed to establish, prima facie, that the amended complaint should be dismissed as time-barred pursuant to CPLR 3211 (a) (5) (*see Kuo v Wall St. Mtge. Bankers, Ltd.*, 65 AD3d at 1090; *Cognetta v Valencia Devs., Inc.*, 8 AD3d 318, 320 [2004]; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 932 [2008]; *Fade v Pugliani/Fade*, 8 AD3d 612, 613 [2004]; *Knoll v Datek Sec. Corp.*, 2 AD3d 594 [2003]; *Estate of Vengroski v Garden Inn*, 114 AD2d 927, 928 [1985]). Accordingly, that branch of the defendant's motion which was to dismiss the amended complaint as time-barred should have been denied. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.