In an action, inter alia, to recover damages for breach of contract, the defendant MFA Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), entered January 9, 2012, as denied that branch of the motion of the defendants MFA Construction, Inc., and Martin Horwitz which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred, and granted that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability insofar as asserted against the defendant MFA Construction, Inc., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant MFA Construction, Inc. (hereinafter MFA), and its president, *865 the defendant Martin Horwitz, alleging that the defendants breached an oral agreement pursuant to which the plaintiff was authorized to perform certain marketing services on behalf of the defendants. The plaintiff alleged, inter alia, that the defendants failed to pay her an agreed-upon fee for her services. The Supreme Court denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against MFA as time-barred, and granted that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability insofar as asserted against MFA.
The Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against MFA as time-barred. “Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff ‘possesses a legal right to demand payment’ ” (Swift v New York Med. Coll., 25 AD3d 686, 687 [2006], quoting Matter of Prote Contr. Co. v Board of Educ. of City of N. Y., 198 AD2d 418, 420 [1993]; see Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d 843, 845 [2010]). Contrary to MFA’s contention, the defendants failed to show when the plaintiff’s legal right to demand payment arose. Therefore, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against MFA as time-barred (see Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d at 845; Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089, 1090 [2009]). The defendants’ failure to establish their prima facie entitlement to judgment as a matter of law on this issue required the denial of that branch of the motion, regardless of the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The Supreme Court erred, however, in granting that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability insofar as asserted against MFA. In opposition to the plaintiffs prima facie showing of entitlement to judgment as a matter of law, the defendants raised a triable issue of fact as to the terms of the parties’ oral agreement, and as to what fee, if any, the plaintiff is entitled to under the agreement (see John Treiber Agency v Spartan Concrete Corp., 268 AD2d 506 [2000]). Angiolillo, J.E, Balkin, Lott and Roman, JJ., concur.