■ SANFORD B. GOLDBERG, Appellant, v GAIL ROSENBERG, Respondent, et al., Defendants. [983 NYS2d 833]—

In an action, inter alia, to set aside an amendment to a trust, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered June 15, 2012, which granted the motion of the defendant Gail Rosenberg to dismiss the complaint in its entirety.

Ordered that the order is affirmed, with costs.

This action involves a dispute between the plaintiff and his sister, the defendant Gail Rosenberg, over the distribution of the property of their deceased mother (hereinafter the decedent) pursuant to the terms of a pour-over trust. The plaintiff seeks to set aside an amendment in 2004 to the terms of the pour-over trust, limiting his share of the trust to a $1,000 savings bond.

In 1999, the plaintiff's parents both executed a pour-over trust with the assistance of their lawyer, Martin Hersh. The original terms of the decedent's pour-over trust provided that, upon the decedent's death, if her husband predeceased her, the trust estate would be equally divided between her three children, the plaintiff, Gail Rosenberg, and Walter Goldberg. The decedent appointed herself as trustee, Rosenberg as successor trustee, and her son Walter Goldberg as alternate successor trustee.

The plaintiff's father died in January 2003. In December 2004, the decedent, with the assistance of Hersh, amended her trust to distribute, upon her death, her cooperative apartment in Brooklyn and her jewelry to Rosenberg, to distribute savings of $1,000 each to the plaintiff and other relatives, and to distribute the remainder of her property upon her death equally to Rosenberg and Walter Goldberg.

In 2009, the decedent moved to New Jersey and lived in an adult community. She died on July 26, 2010, survived by her three children. The decedent's will was admitted to probate in New Jersey over the plaintiff's objection.

The plaintiff seeks to set aside the 2004 amendment to the pour-over trust, alleging overreaching and undue influence, lack of capacity, and fraud, and seeks an accounting and to remove Rosenberg as trustee. The gravamen of the plaintiff's contentions, as alleged in the complaint, was that "[u]pon information and belief, at the time of the execution of the Alleged Amended Trust, the defendant Rosenberg and others manipulated [the decedent], made fraudulent misrepresentations to her, and insinuated themselves into [the decedent's] life, using their family or other close personal relationships, as well as [the decedent's] deteriorated condition, to create for themselves a position of trust and confidence with [the decedent], so dominating her life and overcoming her free will as to cause her to be unable to resist the influence of defendants to dispose of her property and possessions in a manner contrary to her true wishes."

Rosenberg moved to dismiss the complaint in its entirety, inter alia, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The plaintiff, in opposition, acknowledged that there was ongoing animosity between himself and Rosenberg, but alleged that during frequent visits and conversations between himself and the decedent, the decedent stated that she was proud of all of her children and grandchildren and wanted them taken care of and treated equally. A great niece of the decedent also submitted an affidavit stating that, during a fam-

ily gathering, the decedent assured her that she loved all her children and grandchildren and they would be treated equally when she died.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408 [2005]). "However, bare legal conclusions are not presumed to be true, nor are they accorded every favorable inference" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 704 [2008]; *see Morris v Morris*, 306 AD2d 449, 451 [2003]; *Doria v Masucci*, 230 AD2d 764, 765 [1996]). Applying these principles here, the Supreme Court properly granted those branches of Rosenberg's motion which were to dismiss those causes of action which sought to invalidate the decedent's pour-over trust based upon undue influence, fraud, and lack of capacity, on the ground that the plaintiff's allegations constituted legal conclusions (*see* CPLR 3211 [a] [7]; *Paolino v Paolino*, 51 AD3d 886, 888 [2008]; *cf. Matter of Tognino*, 87 AD3d 1153 [2011]). Similarly, the allegations set forth in the plaintiff's affidavits in opposition to the motion were insufficient to state a cause of action (*see Becker v University Physicians of Brooklyn*, 307 AD2d 243, 245 [2003]). In addition, those affidavits indicate that the plaintiff was not shut out of the decedent's life (*cf. Matter of Delyanis*, 252 AD2d 585, 586 [1998]), and the decedent was aware of the natural objects of her bounty.

The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.