■ David S. Gould et al., Appellants-Respondents, v Joseph Decolator et al., Respondents-Appellants. [994 NYS2d 368]—

In an action, inter alia, to recover legal fees, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered September 21, 2012, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the second and third causes of action, so much of the fourth cause of action

as asserted claims which were not based upon services completed within six years prior to the commencement of the action, and the plaintiffs' demand for punitive damages, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was to dismiss the fourth cause of action insofar as asserted against the defendants Joseph Decolator, Neil Cohen, and Dominic DiPrisco.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss so much of the fourth cause of action as asserted claims which were not based upon services completed within six years prior to the commencement of the action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the fourth cause of action insofar as asserted against the defendants Joseph Decolator, Neil Cohen, and Dominic DiPrisco, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs commenced this action against the defendant Decolator, Cohen & DiPrisco, LLP (hereinafter DCD), and its partners, the defendants Joseph Decolator, Neil Cohen, and Dominic DiPrisco, alleging, inter alia, that the plaintiff David S. Gould (hereinafter Gould) represented DCD in litigation against the law firms of Lysaght, Lysaght, and Kramer (herinafter LLK), and Trager, Cronin and Byczek (hereinafter TCB), from 1998 to 2007 and in a separate litigation designated the Storms case. The plaintiffs alleged that Gould was not paid for any of his work in the LLK/TCB litigation from 2002-2007, that he was not paid for any of his work on the Storms case, and that, in 2010, he discovered that DCD never intended to pay him for the work. The plaintiffs asserted, inter alia, causes of action sounding in fraud and quantum meruit. The Supreme Court granted, in part, the defendants' motion to dismiss the complaint.

CPLR 3211 provides, in relevant part, that a party may move for judgment dismissing one or more causes of action on the ground that "a defense is founded upon documentary evidence" (CPLR 3211 [a] [1]), or "the cause of action may not be maintained because of . . . [a] statute of limitations" (CPLR 3211 [a] [5]), or "the pleading fails to state a cause of action" (CPLR 3211 [a] [7]).

In considering a motion to dismiss for failure to state a cause

of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Nerey v Greenpoint Mtge. Funding, Inc.*, 116 AD3d 1015 [2014]; *Goldberg v Rosenberg*, 116 AD3d 919 [2014]).

To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756 [2014]).

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is time-barred, a defendant must make a prima facie showing that the time in which to sue has expired (*see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.]*, 107 AD3d 780 [2013]; *House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d 848 [2013]; *Swift v New York Med. Coll.*, 25 AD3d 686 [2006]). To make this prima facie showing, the defendant must establish, inter alia, when the cause of action accrued (*see Swift v New York Med. Coll.*, 25 AD3d 686 [2006]).

Here, the fourth cause of action alleged, inter alia, a claim for breach of an implied contract for legal services under a quantum meruit theory. A cause of action asserting a claim for payment of a sum of money allegedly owed pursuant to a contract accrues when the plaintiff possesses the legal right to demand payment (*see Thompson v Horwitz*, 100 AD3d 864 [2012]; *Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp.*, 71 AD3d 843 [2010]; *Swift v New York Med. Coll.*, 25 AD3d 686 [2006]). Here, the defendants failed to establish that the claims interposed as part of the plaintiffs' fourth cause of action accrued when Gould performed the services rendered during the time period 2002-2007. Accordingly, the defendants failed to establish their prima facie entitlement to relief pursuant to CPLR 3211 (a) (5), and the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss those claims interposed as part of the fourth cause of action which were not based upon services completed within six years prior to the commencement of this action (*see Swift v New York Med. Coll.*, 25 AD3d 686 [2006]; *see also Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770 [2013]).

The third cause of action alleged, inter alia, fraud and failure to pay a contingent fee relating to Gould's representation of DCD in the Storms case. The Supreme Court properly determined that the plaintiffs' fraud claim relating to the Storms case failed to state a claim upon which relief could be granted. In order to establish fraud, a plaintiff must show a "material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). General allegations that a defendant entered into a contract with the intent not to perform are insufficient to support a claim to recover damages for fraud (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050 [2010]; *McGee v J. Dunn Constr. Corp.*, 54 AD3d 1010 [2008]). Here, with regard to the Storms case, the allegations of the complaint were insufficient to support a claim of fraud, as they amounted to nothing more than general allegations that the defendants entered into a fee agreement with the intent not to perform (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]).

The Supreme Court properly found that the plaintiffs' claim for a contingency fee with regard to the Storms case was dismissible on the ground that the plaintiff failed to provide the defendants with a writing identifying the method by which the contingency fee was to be determined, in violation of former Code of Professional Responsibility DR 2-106 (d) (22 NYCRR 1200.11 [d]; *see Fischbarg v Doucet*, 63 AD3d 628 [2009]). In any event, such claim, which accrued sometime in 2000, was time-barred.

The plaintiffs effectively abandoned any claim that the Supreme Court erred in granting that branch of the motion which was to dismiss the second cause of action (*see Murphy v State of New York*, 14 AD3d 127 [2004]).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the plaintiffs' demand for punitive damages (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603 [1994]; *see also Dupree v Giugliano*, 20 NY3d 921 [2012]; *Putter v Feldman*, 13 AD3d 57 [2004]).

The Supreme Court erred in denying that branch of the defendants' motion which was to dismiss the fourth cause of action insofar as asserted against the defendant partners in their individual capacities (*see* Partnership Law § 26 [b]).

The plaintiffs' remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.