■ BRI JEN REALTY CORP., Respondent, v BENSON ALTMAN, Appellant, et al., Defendants. [48 NYS3d 670]—

In an action, inter alia, to recover on a personal guaranty, the defendant Benson Altman appeals from so much of a clerk's judgment of the Supreme Court, Kings County, dated May 5, 2014, as, upon an order of the same court (Rothenberg, J.) dated November 15, 2013, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him and denying that branch of his cross motion, made jointly with the defendant KSR Enterprises, Inc., doing business as Kosher.com, which was for summary judgment dismissing the complaint insofar as asserted against

him, and upon a decision of the same court (Hubsher, J.H.O.) dated February 27, 2014, made after a hearing, is in favor of the plaintiff and against him in the principal sums of $76,800 with statutory interest from February 1, 2010, representing an award of unpaid rent, and $43,968.90 representing an award of an attorney's fee.

Ordered that the clerk's judgment is modified, on the law, (1) by deleting the provision thereof in favor of the plaintiff and against the defendant Benson Altman awarding statutory interest on the principal sum of $76,800 from February 1, 2010, and substituting therefor a provision awarding statutory interest on the principal sum of $76,800 from March 1, 2011, and (2) by deleting the provision thereof in favor of the plaintiff and against the defendant Benson Altman in the principal sum of $43,968.90 representing an award of an attorney's fee, and substituting therefor a provision dismissing so much of the fourth cause of action as sought an attorney's fee against the defendant Benson Altman; as so modified, the clerk's judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The defendant MK Warehouse, LLC, doing business as Kosher.com (hereinafter the tenant), entered into a 10-year commercial lease with the plaintiff, as landlord, which began on February 1, 2010. The defendant Benson Altman executed a personal guaranty in connection with the lease in which he agreed to be personally liable for certain of the tenant's obligations under the lease.

The lease set forth "[t]he annual rent" to be paid for each year of the lease. The lease specified that "[t]he annual rent" was "due in advance, adjusting on the anniversary of the commencement of" the lease.

The tenant took possession of the subject premises on February 1, 2010. The tenant subsequently made rent payments that were applied to cover the tenancy period up to March 1, 2011. By March 1, 2011, however, the tenant had terminated the lease, and had vacated and surrendered the premises.

The plaintiff subsequently commenced this action against, among others, the tenant and Altman. The plaintiff sought to enforce the personal guaranty executed by Altman so as to recover the unpaid portion of the annual rent for the period of February 1, 2011, through January 31, 2012. The plaintiff also sought an attorney's fee against Altman pursuant to the terms of the personal guaranty.

The plaintiff moved, inter alia, for summary judgment on the

complaint insofar as asserted against Altman. Altman, jointly with another defendant, cross-moved for, among other things, summary judgment dismissing the complaint insofar as asserted against him. In an order dated November 15, 2013, the Supreme Court granted that branch of the plaintiff's motion and denied that branch of Altman's cross motion.

The matter was referred to a Judicial Hearing Officer to hear and determine the amount of rent and attorneys' fees owed to the plaintiff. In a decision dated February 27, 2014, made after a hearing, the Judicial Hearing Officer determined that the plaintiff was entitled to the principal sums of $76,800 on its claim for unpaid rent insofar as asserted against Altman, and $43,968.90 on its claim for an attorney's fee insofar as asserted against Altman. A clerk's judgment was subsequently entered, upon the preceding order and decision, which, inter alia, was in favor of the plaintiff and against Altman in the principal sum of $76,800, representing the award of unpaid rent, plus statutory interest on that principal sum running from February 1, 2010. The clerk's judgment was also in favor of the plaintiff and against Altman in the principal sum of $43,968.90, representing an award of an attorney's fee.

" '[W]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations. Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*RMP Capital Corp. v Victory Jet, LLC*, 139 AD3d 836, 838 [2016], quoting *Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester*, 99 AD3d 998, 999 [2012]; see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Here, under the terms of the lease, Altman guaranteed "payment as and when due of the fixed annual rent." However, Altman's liability in this respect was limited to "the performance of those obligations and the payment of such fixed annual rent . . . as accrue up to the [surrender] date."

"When a lease sets a due date for rent, that date is the date on which the tenant's debt accrues" (*Eujoy Realty Corp. v Van Wagner Communications, LLC*, 22 NY3d 413, 424 [2013]; see *Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 465 [1977]; see also *Gould v Decolator*, 121 AD3d 845, 847 [2014]; *Thompson v Horwitz*, 100 AD3d 864, 865 [2012]; *Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp.*, 71 AD3d 843, 845 [2010]). Contrary to Altman's contention, the fixed annual rent

was due at the beginning of each year-long period as set forth in the lease. Accordingly, the debt for the annual rent for the period of February 1, 2011, through January 31, 2012, accrued on February 1, 2011 (*see Eujoy Realty Corp. v Van Wagner Communications, LLC*, 22 NY3d at 424). Since the debt for the fixed annual rent accrued prior to the surrender date, the plaintiff demonstrated, prima facie, that Altman was liable for the outstanding amount of the entire annual rent under the terms of the personal guaranty.

In opposition, Altman failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Additionally, for the same reasons, Altman failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. Accordingly, the Supreme Court properly awarded the plaintiff the principal sum of $76,800 on its claim for unpaid rent insofar as asserted against Altman. However, the court erred to the extent that it directed that Altman was liable for statutory interest on that principal amount running from February 1, 2010. The court should have calculated interest on that amount from March 1, 2011 (*see generally Lelekakis v Kamamis*, 103 AD3d 693, 697-698 [2013]; *Yellow Book of N.Y., L.P. v Cataldo*, 81 AD3d 638, 641 [2011]). Therefore, we modify the clerk's judgment so as to award statutory interest on the principal sum of $76,800 running from March 1, 2011, rather than from February 1, 2010.

Furthermore, although Altman was obligated, without limitation, to pay the plaintiff's reasonable attorneys' fees and expenses incurred in enforcing the guaranty under paragraph iii of that document, at the hearing to determine the amount of reasonable attorneys' fees owed to the plaintiff, the plaintiff's submissions were wholly inadequate to support any award (*see Rose v Rose*, 47 AD3d 790, 791 [2008]; *Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]). Accordingly, the Judicial Hearing Officer erred to the extent that she determined that the plaintiff was entitled to an award of an attorney's fee (*see Rose v Rose*, 47 AD3d at 791; *Mazzone v Mazzone*, 290 AD2d at 496). Inasmuch as a hearing has already been held on this issue (*cf. SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 988 [2006]; *Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2004]), so much of the fourth cause of action as sought an attorney's fee against Altman must be dismissed. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.