Tyree v Castrovinci (2018 NY Slip Op 06134)





Tyree v Castrovinci


2018 NY Slip Op 06134


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-01079
 (Index No. 8185/14)

[*1]Caroline P. Tyree, appellant, 
v
Philip Castrovinci, et al., respondents.


Caroline P. Tyree, Huntington, NY, appellant pro se.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Mark K. Anesh and Jamie R. Wozman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated December 3, 2015. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2009, the plaintiff retained the defendant law firm, Castrovinci & Mady, to represent her in a divorce action she commenced against her husband. In August 2014, the plaintiff commenced this action against the law firm and its principal, the defendant Philip Castrovinci, alleging, inter alia, that the defendants were negligent in failing to participate in a third-party action commenced by her husband in 2010 to impose a constructive trust. The complaint set forth causes of action to recover damages for legal malpractice, breach of fiduciary duty, breach of contract, and a violation of Judiciary Law § 487. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint. "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Here, the documentary evidence submitted by the defendants, including, inter alia, the trial transcript from the third-party action, utterly refuted the plaintiff's factual allegations, and conclusively established a defense to the complaint as a matter of law.
The plaintiff's remaining contentions are either academic in light of our determination, without merit, or not properly before this Court.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court