Fairlane Fin. Corp. v Scipione (2019 NY Slip Op 05516)





Fairlane Fin. Corp. v Scipione


2019 NY Slip Op 05516


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-03953
 (Index No. 150587/14)

[*1]Fairlane Financial Corporation, etc., appellant,
v
Thomas Scipione, respondent.


Cermele & Wood, LLP, White Plains, NY (Eric Lindquist of counsel), for appellant.
Michael Heitmann, Staten Island, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated February 22, 2018. The order, insofar as appealed from, searched the record and awarded the defendant summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
The defendant entered into a written contract with National Western Life Insurance Company (hereinafter National Western) that authorized him to sell National Western annuity policies. Under this contract, the defendant earned commissions on premiums paid to National Western for policies he sold. In the event National Western returned the premiums for any cause, the defendant was required to repay to National Western the amount of any commissions he received on the returned premiums. The contract was terminated in 2005. By letters dated April 24, 2009, May 5, 2009, June 10, 2009, and July 22, 2009, respectively, National Western demanded that the defendant repay commissions he had received for selling certain annuity policies for which National Western had returned the premiums.
On July 15, 2014, Fairlane Financial Corporation, as assignee of National Western (hereinafter the plaintiff), commenced this action, inter alia, to recover damages for breach of contract. The plaintiff alleged that the defendant had not repaid the commissions. Subsequently, the plaintiff made a renewed motion for summary judgment. In an order dated February 22, 2018, the Supreme Court denied the plaintiff's renewed motion and, concluding that the action was time-barred, searched the record and awarded the defendant summary judgment dismissing the complaint. The plaintiff appeals from so much of the order as searched the record and awarded the defendant summary judgment dismissing the complaint.
This action is subject to a six-year statute of limitations (see CPLR 213[2]). As a general principle, the statute of limitations begins to run when a cause of action accrues (see CPLR 203[a]), that is, "when all of the facts necessary to the cause of action have occurred so that the party [*2]would be entitled to obtain relief in court" (County of Suffolk v Suburban Hous. Dev. & Research, Inc., 160 AD3d 607, 609 [internal quotation marks omitted]; see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770). Generally, "a breach of contract cause of action accrues at the time of the breach" (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402; see County of Suffolk v Suburban Hous. Dev. & Research, Inc., 160 AD3d at 609). Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff possesses a legal right to demand payment (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 770-771; Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089, 1090; Swift v New York Med. Coll., 25 AD3d 686, 687). In other words, the statute of limitations is triggered when the party that is owed money has the right to demand payment, not when it actually makes the demand (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771).
Here, although the right to demand return of the commissions from the defendant was triggered when National Western returned the premiums on the policies at issue (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771), the record does not establish when National Western returned those premiums. Since it cannot be determined on this record whether the legal right to demand return of the commissions was possessed prior to July 15, 2008, i.e., more than six years before the plaintiff commenced this action, it cannot be determined whether this action was untimely commenced.
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should not have searched the record and awarded the defendant summary judgment dismissing the complaint.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court