Federico v Dolitsky (2019 NY Slip Op 07383)





Federico v Dolitsky


2019 NY Slip Op 07383


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-11473
 (Index No. 27061/11)

[*1]Theresa Federico, respondent,
v David Dolitsky, et al., appellants, et al., defendants.


George C. Vlachos & Associates, Central Islip, NY, for appellants.
Cahn & Cahn, LLP, Melville, NY (Daniel K. Cahn of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants David Dolitsky and Joann Dolitsky appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated August 1, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendants David Dolitsky and Joann Dolitsky which was for summary judgment dismissing the cause of action alleging breach of contract asserted against them and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 3, 2010, the defendants David Dolitsky and Joann Dolitsky (hereinafter together the buyers) entered into a contract to purchase real property from the plaintiff (hereinafter the seller) for $492,300. Upon execution of the contract, the buyers tendered a down payment of $25,000. A rider to the contract contained a mortgage contingency clause providing that the buyers' obligation to purchase the subject property was contingent upon them obtaining a mortgage commitment for a conventional mortgage "in an amount not more than $292,300.00 for 25/30 years at the prevailing rate of interest." The buyers were required to "use due diligence" in providing documentation to their institutional lender. The rider also provided that if the buyers were unable to obtain a mortgage commitment within 45 days of the execution of the contract, "the Seller may either cancel this agreement or extend this provision for an additional period of up to thirty (30) days, at the end of which, either party may cancel this agreement without any further liability to the other."
On May 25, 2010, the buyers received a "Statement of Credit Denial, Termination, or Change" from their lender, indicating that their mortgage application had been denied. On the same day, the buyers' attorney sent a letter to the seller's attorney, notifying him of the denial and that "pursuant to Section 5 of the Rider to the Contract of Sale, . . . this contract is cancelled." The buyers' attorney requested that the seller return the down payment. The seller refused to release the buyers' down payment and thereafter commenced this action against, among others, the buyers, alleging, inter alia, that the buyers breached the contract of sale.
The buyers subsequently moved, among other things, for summary judgment dismissing the cause of action alleging breach of contract asserted against them on the ground that they properly canceled the contract upon receiving notice that their mortgage application had been [*2]denied. The seller cross-moved, inter alia, for summary judgment on the issue of liability on the breach of contract cause of action, arguing that the buyers' "unilateral cancellation of the contract . . . was a willful default under the contract of sale," and that she was entitled to retain the down payment as "partial damages" pursuant to section 8.3 of the rider to the contract.
In an order dated August 1, 2016, the Supreme Court, among other things, denied that branch of the buyers' motion which was for summary judgment dismissing the breach of contract cause of action and granted that branch of the seller's cross motion which was for summary judgment on the issue of liability on that cause of action. The court determined that the buyers " canceled' the contract when they had no right under the contract to do so," that the buyers "willfully defaulted, that their default constituted an anticipatory breach of contract, and that the [seller] is entitled to an award of damages under paragraph 8.3 of the rider . . . in an amount to be determined at trial." The buyers appeal.
"When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (Patsis v Nicolia, 120 AD3d 1326, 1327). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (id.; see Bri Jen Realty Corp. v Altman, 146 AD3d 744; U.S. Home Corp. v Elm Farm Assoc., LLC, 71 AD3d 667, 668). " [C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing'" (Willsey v Gjuraj, 65 AD3d 1228, 1230, quoting Henrich v Phazar Antenna Corp., 33 AD3d 864, 867; see ELBT Realty, LLC v Mineola Garden City Co., Ltd., 144 AD3d 1083, 1084).
Here, the seller established her prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging breach of contract. Section 5.8 of the rider clearly and unambiguously provided that if the buyers were unable to obtain a mortgage commitment within 45 days of executing the contract, the seller had the unilateral right to either cancel the contract or extend the mortgage contingency period for an additional 30 days. The buyers were only entitled to cancel the contract upon the expiration of that 30-day period. Neither the rider nor the contract contained any provision permitting the buyers to cancel the contract during the mortgage contingency period upon receiving notice that their application had been denied (cf. Brisk v Bloch, 165 AD3d 745, 746).
In opposition, the buyers failed to raise a triable issue of fact. The record does not support the buyers' contention that their mortgage application was denied on the ground that the subject property constituted "unacceptable collateral," and that, therefore, their performance under the contract was rendered impossible. Under these circumstances, the buyers willfully defaulted and anticipatorily breached the contract by purporting to cancel the contract during the mortgage contingency period.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the seller's cross motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract. For these same reasons, we also agree with the court's determination to deny that branch of the buyers' motion which was for summary judgment dismissing that cause of action.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court