Grauer v Westhampton Beach Sch. Dist. (2026 NY Slip Op 01185)

Grauer v Westhampton Beach Sch. Dist.

2026 NY Slip Op 01185

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LOURDES M. VENTURA
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-01381
 (Index No. 610309/23)

[*1]Maureen Grauer, respondent, 
vWesthampton Beach School District, et al., appellants.

DeVitt Spellman Barrett, LLP, Hauppauge, NY (Scott J. Kreppein and Christopher K. Block of counsel), for appellants.
Killoran Law P.C., Remsenburg, NY (Christian Killoran of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for intentional interference with a business relationship, the defendants appeal from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated December 5, 2023. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
The plaintiff was an employee of Positive Behavior Support Consulting (hereinafter PBS), which had a contract with the defendant Westhampton Beach School District (hereinafter the school district). The defendant Mary Ambrosini was the school district's Director of Pupil Personnel Services.
The plaintiff claimed that she advocated on behalf of a disabled child to insure that the child's individual education plan afforded an appropriate general education curriculum. When the child's parents made complaints against the school district alleging violations of the law, the plaintiff, pursuant to subpoena, testified at proceedings relating to those complaints regarding the plaintiff's "professional opinions and recommendations."
In April 2023, the plaintiff commenced this action alleging that Ambrosini contacted PBS "with threats to terminate [her] employment, in the event that [she] would not change [her] professional opinions and recommendations" concerning the child. When those efforts failed, Ambrosini allegedly blocked the plaintiff's further involvement with the child and limited her involvement with other students in the school district. The plaintiff further asserted that, as a result of her advocacy, she was labeled "incompetent and ill-equipped to do [her] job," thereby interfering with the plaintiff's business relationship with PBS.
Five causes of action were asserted in the complaint, to wit, (1) a cause of action to recover damages for "[a]ssociational [r]etaliation/[i]nterference" by sullying the plaintiff's reputation and causing emotional and psychological harm, (2) a cause of action to recover damages for a violation of the Human Rights Law, i.e., for discrimination, without stating any additional facts, (3) [*2]a cause of action to recover damages for a violation of Labor Law § 740, the "whistleblower statute," without stating any additional facts, (4) a cause of action pursuant to 42 USC § 1983 alleging First Amendment retaliation, "particularly in relation to expressing [the plaintiff's] professional opinions and recommendations concerning [the child]," and (5) a cause of action to recover damages for intentional interference with a business relationship, because Ambrosini attempted to have PBS terminate the plaintiff if the plaintiff did not change her professional opinions and recommendations.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated December 5, 2023, the Supreme Court denied the motion. The defendants appeal.
"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Nonnon v City of New York, 9 NY3d 825, 827 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88; Gould v Decolator, 121 AD3d 845, 846-847). Since the plaintiff was not a disabled person, the plaintiff was not advocating against discrimination against disabled persons, and the plaintiff did not allege an injury to herself based upon a denial of services to the child (see Innovative Health Sys. v City of White Plains, 931 F Supp 222, 238 [SD NY], affd in part 117 F3d 37 [2d Cir]), the plaintiff failed to state a cause of action sounding in "[a]ssociational [r]etaliation/[i]nterference" (see Caracappa v Westhampton Beach Sch. Dist., 232 AD3d 577, 578). Nor could the plaintiff be considered a whistleblower who reasonably believed the conduct complained of posed a substantial and specific danger to the public health or safety (see id).
The complaint alleged a violation of the Human Rights Law (see Executive Law § 296) but in support of that claim merely stated "I re-assert the statements set forth herein," which did not allege statutorily prohibited discrimination (see Caracappa v Westhampton Beach Sch. Dist., 232 AD3d at 578).
With respect to the plaintiff's fourth cause of action, alleging First Amendment retaliation pursuant to 42 USC § 1983, "[t]o make out a prima facie case of First Amendment retaliation, a plaintiff must establish (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action" (Shara v Maine-Endwell Cent. Sch. Dist., 46 F4th 77, 82 [2d Cir] [internal quotation marks omitted]). If a public employee speaks solely as an employee, and not as a citizen, the speech is not protected (see id. at 82-83). Here, the plaintiff rendered professional opinions and recommendations as an employee of an independent contractor of the school district, which is a public entity. The plaintiff asserts on appeal that this makes her a "private/pseudo public employee" and, therefore, her speech was protected. However, a plaintiff must "plausibly plead that he [or she] was speaking as a citizen upon matters of public concern instead of as an employee or contractor pursuant to his or her official duties" (Airday v City of New York, 131 F Supp 3d 174, 181 [SD NY]). The plaintiff failed to plausibly plead that she was speaking as a citizen upon matters of public concern instead of as a contractor pursuant to her official duties.
The plaintiff's fifth cause of action, alleging intentional interference with a business relationship, required the plaintiff to sufficiently allege the following elements: "(1) that [the plaintiff] had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (Delanerolle v St Catherine of Sienna Med. Ctr., 231 AD3d 1013, 1015 [internal quotation marks omitted]). Here, the third party was the plaintiff's employer, PBS, which did not terminate the plaintiff, and no other adverse employment action was alleged.
The plaintiff alleged that she suffered "a significant amount of emotional, psychological and physical angst and distress when learning of the defendants' actions." However, [*3]"[t]he elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress. . . . A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him [or her] which unreasonably endangered his [or her] physical safety, or caused him [or her] to fear for his [or her] own safety" (Whitfield v Law Enforcement Empls. Benevolent Assn., 237 AD3d 1139, 1142 [citations and internal quotation marks omitted]). Here, there were no allegations of outrageous conduct or any basis for the plaintiff to fear for her safety.
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
BARROS, J.P., VENTURA, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court